**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LISA L. BREWER,                                    )
                                                   )
            Plaintiff,                    )
                                                   )          No.  21 C 6580
      v.                                          )
                                                   )          Judge Ronald A. Guzmán
AFFINITY DEVELOPMENT GROUP                         )
and LAURA FLETCHER,                                )
                                                   )
            Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions.  For the reasons explained below, plaintiff's motion for clarification is denied and defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff, Lisa Brewer, filed this sixteen-count action for employment discrimination, meal and rest break violations, and unpaid overtime against Affinity Development Group, Inc. ("Affinity") and six employees of Affinity.  On July 21, 2022, the Court dismissed the action for lack of service with respect to five of the individual defendants, the claims against whom were set forth in Counts III through VII of the complaint.[1]  The remaining defendants are Affinity and Laura Fletcher.  Against Fletcher, plaintiff asserts a single claim for race discrimination in violation of 42 U.S.C. § 1981 (Count II).  Plaintiff's claims against Affinity are for race discrimination in violation of § 1981, Title VII, and the Illinois Human Rights Act ("IHRA") (Counts I, VIII, and X); sex discrimination in violation of Title VII and the IHRA (Counts IX and XI); retaliation in violation of Title VII and the IHRA (Counts XII and XIII); violation of the Illinois One Day Rest in Seven Act ("ODRISA") (Count XIV); age discrimination in violation of the IHRA (Count XV); and unpaid overtime in violation of the Age Discrimination in Employment Act ("ADEA") and Fair Labor Standards Act ("FLSA") (Count XVI).

Affinity and Fletcher filed a motion to dismiss the complaint with respect to all remaining claims except Count I.  The Court set a briefing schedule on the motion and subsequently granted plaintiff two extensions of time to file a response, with the final response deadline being October 3, 2022.  Plaintiff filed a response on that date and three days later filed an "amended response" without seeking leave of court to do so.  Defendants moved to strike the amended response as untimely, and plaintiff filed a response to that motion.  On October 25, 2022, the Court entered an

---

[1]    In response to defendants' motion, plaintiff states that she is withdrawing these claims, which were already dismissed by virtue of the Court's dismissal of all individual defendants except Fletcher.

Order granting defendants' motion, striking plaintiff's untimely response, and directing defendants to reply to plaintiff's original response. Plaintiff filed a motion for clarification of that Order. Defendants' motion to dismiss is fully briefed.

## DISCUSSION

### A.  Plaintiff's Motion for Clarification

Plaintiff filed a motion in which she "seeks clarity and additional response" from the Court as to the Order of October 25, 2022. The motion is denied. What plaintiff really seeks is reconsideration. She repeats some of her responses to defendants' motion to strike. But motions to reconsider do not give parties the opportunity to rehash old arguments (or, for that matter, to present arguments that could have been presented earlier). *See, e.g.*, *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Plaintiff also suggests that her amended response to the motion to dismiss, filed three days after the deadline set by the Court, was permitted under Rule 15(a) of the Federal Rules of Civil Procedure. That provision, however, applies only to "pleadings," which Rule 7 of the Federal Rules of Civil Procedure limits to complaints, answers, and replies to answers. *See Swanigan v. City of Chi.*, 775 F.3d 953, 963 n.7 (7th Cir. 2015); *Haven v. Polska*, 215 F.3d 727, 732 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000) (noting that Rule 7 distinguishes between "pleadings" and "motions and other papers"). Rule 15(a) does not apply to responses to motions to dismiss. The Court sees no basis on which to reconsider its Order of October 25.

Likewise, no clarification is necessary. The remainder of plaintiff's motion consists of expressions of frustration about the judicial system, hypothetical inquiries, and requests for legal advice on the presentation of her claims (e.g., "[The] Court has never answered the question as to exactly how much information a Plaintiff needs to provide at the time of filing."). (ECF No. 53, Pl.'s Mot. Clarification at 2-4.) The implication in plaintiff's motion and previous filings is that rules and deadlines should be relaxed or different for pro se plaintiffs. They are not, *see, e.g., Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), and the Court has repeatedly accommodated plaintiff's pro se status. Furthermore, the Court does not provide parties, whether represented or unrepresented by counsel, with advisory opinions or legal advice. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (the court may not become an "advocate," nor does it have "coaching obligation[s]").

### B.  Defendants' Motion to Dismiss

#### 1.  Laura Fletcher

Plaintiff worked for Affinity remotely from her home in Illinois. (ECF No. 8, Compl. ¶ 10.) Her direct supervisor was Laura Fletcher, who works for Affinity remotely from her home in Michigan. (*Id.* ¶ 11; ECF No. 35-2, Decl. of Laura Fletcher ¶ 3.) Fletcher moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss the § 1981 race-discrimination claim against her for lack of personal jurisdiction. A complaint need not include facts alleging personal jurisdiction, but once a defendant moves to dismiss the complaint under Rule 12(b)(2), the plaintiff bears the

burden of demonstrating the existence of jurisdiction. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where a defendant submits evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). When the court rules on the motion without an evidentiary hearing, the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *Id.* The Court takes as true all well-pleaded facts alleged in the complaint and resolves any factual disputes in evidentiary material in favor of the plaintiff. *See id.*

"A forum state's courts may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citation and internal punctuation omitted). In a federal-question case such as this one, a federal court has personal jurisdiction over a defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020). Section 1981 does not authorize nationwide service of process, so personal jurisdiction over Fletcher is governed by the law of Illinois. "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 425 (7th Cir. 2010) (citing, *inter alia*, 735 ILCS 5/2-209(c)). The key question, then, is whether Fletcher has purposely established minimum contacts with Illinois such that she should reasonably anticipate being haled into court here. *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *uBid*, 623 F.3d at 425. Plaintiff does not specify whether she relies on general or specific personal jurisdiction; Fletcher contends that neither exists. General jurisdiction can be exercised only when a defendant has such "continuous and systematic" contacts with the forum state that she can be deemed "essentially at home" in that state. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). "The threshold for general jurisdiction is high" because "the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701. Specific jurisdiction, on the other hand, refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; those contacts must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Specific jurisdiction lies only where the defendant's suit-related conduct creates a "substantial connection" with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). There are three essential requirements for specific jurisdiction: (1) the defendant must have purposefully directed her activities at the forum state or purposefully availed herself of the privilege of conducting business there; (2) the alleged injury must have arisen from or related to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

In support of her motion, Fletcher submits a declaration under penalty of perjury in which she states that she is a resident of Michigan who works from her home office there unless she is traveling for business. (Decl. of Laura Fletcher ¶¶ 2-3.) She has never lived in Illinois, nor does she own property or bank accounts in Illinois, and she has never paid property or income taxes in Illinois. (*Id.* ¶ 2.) Fletcher states that she did not enter Illinois for business at any time during plaintiff's employment with Affinity (from October 2018 through May 2019) and made only two short trips to Illinois for personal reasons. (*Id.* ¶ 5.) During plaintiff's employment, Fletcher supervised two other individuals, neither of whom resided or worked in Illinois, and she spent approximately 15 percent of her work time supervising those individuals, which worked out to approximately 5 percent per individual. (*Id.* ¶ 6.) Fletcher communicated with plaintiff primarily by electronic means and telephone, and she states that she did not send plaintiff the electronic notice of termination that is mentioned in the complaint. (*Id.* ¶¶ 7-8.)

In response, plaintiff fails to make a prima facie showing of either type of personal jurisdiction. Plaintiff does not submit any evidence to rebut Fletcher's declaration; she merely questions why a manager "[would] not visit Illinois at all [] to support a new hire tasked to service accounts in the area" and speculates, without citing evidence, that "there is [a] high probability" that Fletcher "provided interim coverage in Illinois" since plaintiff began employment with Affinity. (ECF No. 47, Pl.'s Resp. Defs.' Mot. Dismiss at 11.) There is no basis for the Court to conclude that Fletcher, who lives in and works from Michigan, and who owns no property or real estate in Illinois, has contacts with Illinois that amount to the constructive presence here that is necessary for general jurisdiction. As for specific jurisdiction, Fletcher argues that she did not expressly aim her conduct at Illinois and that she is protected from this type of jurisdiction by Illinois's fiduciary-shield doctrine because her contacts with plaintiff in Illinois were solely in furtherance of Affinity's interests. The fiduciary-shield doctrine "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of [her] employer . . . ." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) (citing, *inter alia*, *Rollins v. Ellwood*, 565 N.E.2d 1302, 1313-18 (Ill. 1990)). Plaintiff points out that exceptions to the doctrine exist where an individual's actions were for personal interest or were discretionary, but she does not develop any argument that either exception applies here. In fact, plaintiff does not respond to this argument other than to make the bare assertion that Fletcher is not protected by the fiduciary shield, thereby waiving the issue. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the waiver] rule where a party fails to develop arguments related to a discrete issue . . . .")

Count II is dismissed for lack of personal jurisdiction over Fletcher. The dismissal will be without prejudice to plaintiff's refiling the claim where a court would have personal jurisdiction.

2.    **Affinity**

Affinity moves under Rule 12(b)(6) to dismiss all claims asserted against it with the exception of Count I. Those claims are contained in Counts VIII through XVI of the complaint. In response, plaintiff states that she seeks to withdraw the claims in Counts X, XI, XIII, XIV, XV, and XVI. Accordingly, those claims are voluntarily dismissed. The remaining claims against Affinity are Counts VIII, IX, and XII, plaintiff's Title VII claims for race and sex discrimination and retaliation.

Affinity argues that plaintiff's Title VII claims are time-barred because plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which is attached to the complaint, was filed on August 20, 2021, more than two years after plaintiff was notified of her termination on May 13, 2019. In a deferral state like Illinois (a state that enforces its own anti-discrimination laws),[2] a plaintiff who asserts a Title VII claim has 300 days from the alleged discriminatory or retaliatory act to file a charge with the EEOC. *Chatman v. Bd. of Educ.*, 5 F.4th 738, 744 (7th Cir. 2021) (citing 42 U.S.C. § 2000e–5(e)(1)). Although a plaintiff's failure to timely file a charge with the EEOC is an affirmative defense, dismissal is appropriate when the defense is obvious from the face of a complaint.[3] *Khan v. Presence Chi. Hosps. Network*, No. 21-2159, 2022 WL 42731, at *2 (7th Cir. Jan. 5, 2022); *Gatto v. Indian Prairie Sch. Dist. 204*, 508 F. App'x 554, 556 (7th Cir. 2013).

Plaintiff contends that due to the COVID-19 pandemic, it is not "just or legal to penalize" her for filing the Charge outside the 300-day period. (Pl.'s Resp. Defs.' Mot. Dismiss at 6.) While the time period for filing a charge is subject to equitable doctrines such as tolling or estoppel, such doctrines are to be applied "sparingly," *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), and plaintiff fails to provide any basis for their application in this matter. Plaintiff argues that her time to file a charge did not begin on May 13, 2019 but on May 31, 2019, the date of her last day of employment with Affinity, and that she was "physically barred access [to the EEOC] beyond 294 days" by the "sweeping" COVID-19 executive orders first issued by the governor of Illinois on March 20, 2020. (Pl.'s Resp. Defs.' Mot. Dismiss at 6.) It is not at all evident that "physical" access to an EEOC office is or ever was necessary to file a charge with that agency. But even assuming that it was, plaintiff's wholly unsupported argument is unpersuasive. The 300-day administrative-filing period commences as soon as an employee is informed of the allegedly unlawful employment practice. *See, e.g.*, *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004); *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). Plaintiff alleges that she was informed of her termination on May 13, 2019; therefore, the clock began to run on that date, not on the last day of her employment. March 9, 2020 marks the outer limit of plaintiff's 300-day filing period, which was unaffected by the governor's COVID-19 executive orders because they were issued after that date.

---

[2]     California, where Affinity appears to be headquartered and where plaintiff filed her EEOC Charge, also is a deferral state, so it has the same 300-day period for filing a charge. *See, e.g.*, *Ali v. Cisco Sys., Inc.*, No. C 18-4946 SBA, 2019 WL 582462, at *3 n.5 (N.D. Cal. Feb. 13, 2019).

[3]     Plaintiff not only refers to the Charge in paragraph 19 of the complaint but also attaches it as an exhibit. The version plaintiff attaches to the complaint, however, appears to be incomplete. It bears plaintiff's signature and a handwritten date of October 8, 2019 in the box that provides for a declaration under penalty of perjury but no signs of receipt by the EEOC such as a time stamp. The version of the Charge that defendants attach to their motion to dismiss is identical, except that it bears an EEOC time stamp stating "[r]eceived August 20, 2021." (ECF No. 35-1, Defs.' Mem. Supp. Mot. Dismiss, Ex. A.) The authenticity of this document is not in doubt, and the Court may consider it on defendants' motion to dismiss because the Charge is referenced in the complaint and is central to plaintiff's allegations. *See O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020).

Plaintiff further asserts that the continuing-violation doctrine delayed the accrual of her claim because "[a] copy of Plaintiff's personnel file was requested" and Affinity produced it "late" and "devoid of critical content." (Pl.'s Resp. Defs.' Mot. Dismiss at 8.) This argument is without merit. Under the "continuing violation" doctrine, a plaintiff may "get relief for a time-barred act by linking it with an act that is within the limitations period." *Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Plaintiff does not specify when her personnel file was requested other than to state that she requested the "omitted records" on August 25, 2022, a date well outside the limitations period. Moreover, the continuing-violation doctrine does not apply here because it pertains to claims based on an ongoing policy, not discrete acts of discrimination such as employment termination. *See Teague v. Nw. Mem'l Hosp.*, 492 F. App'x 680, 684 (7th Cir. 2012).

Plaintiff also maintains that her "paperwork" submitted in October 2019 and "outreach" to complain about Affinity to California's Department of Employment and Fair Housing and California's Division of Labor Standards Enforcement should suffice to deem her Charge timely. (Pl.'s Resp. Defs.' Mot. Dismiss at 7-8.) But pre-charge paperwork, such as an intake questionnaire, is typically not the equivalent of a charge. *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 468 (7th Cir. 2016). In any event, plaintiff cites no authority and develops no legal argument in this regard.[4]

It is apparent from the face of the complaint that plaintiff failed to file a timely charge of discrimination with the EEOC, and it is now too late for her to do so. Therefore, Counts VIII, IX, and XII will be dismissed with prejudice.

## CONCLUSION

Plaintiff's motion for clarification [53] is denied. Affinity Development Group, Inc. and Laura Fletcher's motion to dismiss [34] is granted. Count II is dismissed for lack of personal jurisdiction over Laura Fletcher; the dismissal is without prejudice to plaintiff's refiling the claim where a court would have personal jurisdiction. The Clerk is directed to terminate Laura Fletcher as a defendant in this case. Counts X, XI, XIII, XIV, XV, and XVI are voluntarily dismissed. Counts VIII, IX, and XII are dismissed with prejudice as time-barred. Counts III through VII of the complaint having been previously dismissed, the only remaining claim is Count I, plaintiff's claim against Affinity for race discrimination in violation of 42 U.S.C. § 1981. Affinity shall file an answer by January 3, 2023.

---

[4]     Plaintiff also includes in her response brief a "statement of intersectionality." (Pl.'s Resp. Defs.' Mot. Dismiss at 9-10.) "Courts have explained that the 'intersectional' discrimination theory applies to plaintiffs who have been discriminated against because of distinct stereotypes associated with persons belonging to two or more protected classes." *Abraham v. Bd. of Regents*, No. 15-CV-1116-PP, 2016 WL 7350976, at *5 (E.D. Wis. Dec. 19, 2016). The theory has no relevance, however, to the limitations and personal-jurisdiction issues implicated by defendants' motion.

The parties are directed to confer no later than January 13, 2023 to discuss the possibility for a prompt settlement or resolution of the case. They shall also discuss deadlines for any Rule 26(a)(1) disclosures that have not already been exchanged and a proposed discovery plan. Affinity's counsel is responsible for initiating such a conference. The parties are directed to file a joint written status report and proposed discovery plan by January 20, 2023. Failure or refusal to participate in such a conference or to cooperate in the preparation of the written report may constitute a basis for sanctions. After the Court receives the parties' written report, it will issue an order setting a discovery schedule if appropriate.

**DATE:** December 20, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**